FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JUL 31 AM 11:56
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RUSSELL LERONALD COACHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-198 |
| | ) | |
| FINISHMASTER INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned employment discrimination case on December 27, 2012, and requested permission to proceed *in forma pauperis* ("IFP"). As discussed in greater detail in the Court's April 29, 2013 Order, after being denied permission to proceed IFP and receiving an extension of time to do so, Plaintiff paid the $350.00 filing fee on April 15, 2013. (See doc. no. 13.) Because he is proceeding *pro se*, the Court provided Plaintiff with some basic instructions regarding the development and progression of this case in its April 29th Order. (Id.) In those instructions, the Court explained that Plaintiff is responsible for serving Defendants and explained how service could be accomplished. (Id. at 2-3.) Moreover, the Court specifically informed Plaintiff that he had 60 days from the date of the April 29th Order to accomplish service and that the failure to accomplish service could result in dismissal of individual defendants or the entire case.[1] (Id. at 3.)

---

[1] Pursuant to Fed. R. Civ. P. 6(b)(1)(A), the Court granted Plaintiff an extension of the 120-day period for effecting service under Fed. R. Civ. P. 4(m). (See doc. no. 13, p. 2.)

After the time in which to effect service had elapsed, and there was no evidence in the record that Defendants had been served, the Court directed Plaintiff to show cause why his case should not be dismissed without prejudice for failure to effect service. (Doc. no. 14.) Plaintiff did not respond to the Show Cause Order, and there is still no evidence in the record of Defendants having been served.

As the Court explained in its July 8, 2013 Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 14, p. 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996) and Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005)).) Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court must exercise its discretion to "consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). Here, there is no evidence of evasion of service. However, the applicable statute of limitations might bar a refiled action, as Title VII actions such as the instant one must be brought within 90 days after the Equal Employment Opportunity Commission notifies a claimant of his right to file a lawsuit. 42 U.S.C. § 2000e-5(f)(1); Santini v. Cleveland Clinic, 232 F.3d 823, 825

(11th Cir. 2000) (*per curiam*).[2]

Nevertheless, the fact that dismissal could result in expiration of the statute of limitations does not necessarily require that the Court extend the time for service provided for under Fed. R. Civ. P. 4(m). See Horenkamp, 402 F.3d at 1133; see also Dash v. Chasen, 503 F. App'x 791, 796 (11th Cir. 2013) (*per curiam*) (district court did not abuse discretion in failing to grant second extension of time to effect service despite likelihood that action would be time-barred upon refiling where *pro se* plaintiff had been instructed on how to properly serve the defendant and had already received one extension of time to effect service); Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008) (*per curiam*) (affirming dismissal for failure to serve despite expiration of statute of limitations during pendency of case).

Here, the Court finds no reason to extend the time for service. Plaintiff filed his complaint approximately seven months ago, and he was given the benefit of an extended time limit for effecting service. Yet there is no evidence that Plaintiff has made any attempt to serve Defendants or request that Defendants waive service of process. Moreover, Plaintiff's failure to communicate with the Court regarding his inability to effect service of process is indicative of an abandonment of his claims, rather than excusable neglect or any other reason to further extend the time for service.

---

[2]The Court is aware that the Eleventh Circuit has recognized that the 90-day statute of limitations may be equitably tolled where a plaintiff files suit outside the limitations period but nonetheless acted promptly and with due diligence in filing suit. See Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004). However, the Court makes no definitive finding in this case as to the whether a refiled claim would be time-barred and therefore need not examine the issue of equitable tolling.

3

The Court has warned Plaintiff on two separate occasions that failure to effect service would lead to dismissal of his case. (See doc. nos. 13, 14.) Accordingly, in light of the circumstances discussed above, the Court finds it appropriate to recommend the dismissal of Plaintiff's case, irrespective of whether a refiled claim would be time-barred. See Lepone-Dempsey, 476 F.3d at 1282; Dash, 503 F. App'x at 796. The Court therefore **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to timely effect service and that this civil action be **CLOSED**. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 31st day of July, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE